**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Wall Cardiovascular Technologies, LLC | § § | |
| Plaintiff, | § § | Civil Action No. <u>2:08-cv-289</u> |
| vs. | § § | |
| Abbott Laboratories | § § § | **JURY TRIAL DEMANDED** |
| and | § § | |
| Abbott Cardiovascular Systems, Inc. | § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff files this Complaint for patent infringement against Abbott Laboratories and Abbott Cardiovascular Systems, Inc. (collectively "Abbott" or "Defendants") and for cause of action states the following:

## THE PARTIES

1. Plaintiff Wall Cardiovascular Technologies, LLC ("WCT") is a limited liability company organized under the laws of the State of Texas. WCT's principal place of business is Marshall, Texas.

2. Defendant Abbott Laboratories is a corporation incorporated under the laws of the State of Ohio. Its principal place of business is 100 Abbott Park Road, North Chicago, Illinois.

3. Defendant Abbott Cardiovascular Systems, Inc. is a corporation incorporated under the laws of the State of California. Its principal place of business is 3200 Lakeside Drive, Santa Clara, California.

## JURISDICTION AND VENUE

4. This is an action for violation of the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that Defendants do business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Plaintiff to relief.

## INFRINGEMENT OF U.S. PATENT NO. 6,974,475

5. On December 13, 2005, United States Letter Patent No. 6,974,475 (the "'475 Patent") (attached as Exhibit "A") was duly and legally issued to Dr. W. Henry Wall ("Dr. Wall") for an invention titled *Angioplasty Stent*. On December 2, 2005, Dr. Wall assigned all of his rights in the '475 Patent to W.H. Wall Family Holdings GP, LLC ("WFH, LLC"). On January 25, 2006, WFH, LLC assigned its entire right, title and interest to the '475 Patent to W.H. Wall Family Holdings, LLLP ("WFH, LLLP"). On November 2, 2007, WFH, LLLP assigned all of its rights in the '475 Patent to WCT. WCT continues to hold all rights and interests in the '475 Patent. A true and correct copy of the '475 Patent is attached as an exhibit to this Complaint.

6. Dr. Wall, an Air Force veteran and inventor of the '475 Patent, is one of the early pioneers of stent technology. He is an oral surgeon and was an assistant clinical professor at the Emory University School of Dentistry in the early 1980s. Dr. Wall's interest in angioplasty and stent technology was piqued when the first angioplasty in the United States was performed at Emory Hospital during Dr. Wall's tenure there. Upon reading of the breakthroughs in angioplasty that were taking place at Emory Hospital, Dr. Wall began to develop methods and

devices for preventing the restenosis of vessels following angioplasty. In 1984, Dr. Wall conceived of the technology claimed in the '475 Patent. Thereafter, Dr. Wall continued his work on stent technology, ultimately receiving not only the '475 Patent for his work but several additional patents on related technology. Dr. Wall holds numerous patents for stents as well as other medical devices.

7. Abbott a global, broad-based health care company and is one of the world's leading vascular care businesses. More particularly, Abbott claims to be a leader in the development of vascular stent technology. This leadership is in large part due to its coronary stent product offerings. Coronary stents are tiny, mesh tubes used in the treatment of coronary artery disease and implanted in patients to prop open arteries and facilitate blood flow.

8. Abbott has infringed and continues to infringe the '475 Patent by its manufacture, use, sale and/or offer for sale of Abbott's XIENCE V Drug Eluting Stent product, and other products and services related to coronary, carotid and peripheral stents, and/or its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. Abbott is liable for its infringement of the '475 Patent pursuant to 35 U.S.C. § 271.

9. Abbott has violated and continues to violate 35 U.S.C. § 271 (a), (b), (c), and (f). Specifically, Abbott has continued to make, use, sell, and offer to sell products that infringe the claims of the '475 Patent, and/or to contribute to and induce the infringement by others, without a license under the '475 Patent.

10. The Defendants' acts of infringement are irreparably harming and causing damage to Plaintiff.

11. Abbott will continue to infringe the patents unless enjoined.

12. Abbott's conduct is willful and deliberate. As early as 2002, Dr. Wall contacted Abbott to discuss the commercialization of several patents owned by Dr. Wall. During these discussions, Abbott's counsel informed Dr. Wall that his pending application (which later issued as the '475 Patent) was available through the PTO's new, on-line PAIR system. Within weeks of the issuance of the '475 Patent, Dr. Wall's patent attorney contacted Abbott to make it aware of the '475 Patent. At that time, Abbott declined to discuss the possibility of partnering with Wall to jointly commercialize the patented technology or to take a license under the '475 Patent. Abbott now willfully markets and sells products that infringe the '475 Patent.

13. As a result of Abbott's willful and deliberate misconduct, Plaintiff seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## JURY DEMAND

14. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

15. Plaintiff seeks a declaration that Abbott has infringed United States Patent No. 6,974,475.

16. Plaintiff seeks an order permanently enjoining Abbott and its respective officers, agents, employees, and those acting in privity with them, from further infringement of U.S. Patent No. 6,974,475.

17. Plaintiff seeks an award of damages arising out of Defendants' infringement of United States Patent No. 6,974,475, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof.

18. Plaintiff seeks an award of their attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

19.     Plaintiff seeks such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Stephen D. Susman (by permission Otis Carroll)
Stephen D. Susman
State Bar No. 19521000
Email: ssusman@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas, 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiffs

OF COUNSEL:
Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
Stephen Schlather
State Bar No. 24007993
Email: sschlather@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666

Michael F. Heim
State Bar No.: 09380923
Federal ID: 8790
Email: mheim@hpcllp.com
Russ Chorush
State Bar No. 24031948
Email: rchorush@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street, Suite 6710
Houston, Texas  77002-2912
Telephone:     (713) 221-2000
Facsimile:     (713) 221-2021

```
```

Franklin Jones, Jr.
State Bar No. 00000055
Email: maizieh@millerfirm.com
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Otis Carroll
State Bar No. 03895700
Email: Fedserv@icklaw.com
IRELAND, CARROLL & KELLY P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Fax: (903) 581-1071